PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ISAÍAS BÁEZ AND ANTONIA QUINTANA, Defendants and Appellants.

No. 3407. Argued January 31, 1928.—Decided February 10, 1928.

*Leopoldo Tormes* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment rendered by the district court of Ponce in a criminal action for the adulteration of milk brought against Isaías Báez and Antonia Quintana by an information presented by the district attorney charging the defendants with transporting for the purpose of

offering for sale and selling illegally, wilfully and maliciously on May 4, 1927, in the city of Ponce, Porto Rico, adulterated cow's milk.

The trial was held on September 8, 1927. The court found the defendants guilty of the offense charged and sentenced them to pay fines of ninety dollars each, Báez to serve ninety days in jail in default of payment and the fine imposed on Antonia Quintana to be deducted from the security given by her for the license to sell milk.

This appeal has been taken from that judgment.

On May 4, 1927, defendant Isaías Báez carried, offered for sale and sold cow's milk in the streets of Ponce coming from the milk-stand of Antonia Quintana, and such transportation for the purpose of selling was done under the license held by Antonia Quintana. A health inspector took samples of the milk so transported and an analysis showed that it was adulterated.

At the trial defendant Isaías Báez testified that the milk which the health inspector took for analysis was milk that had been bought by him from a peddler and was not milk from the milk-stand of Antonia Quintana. This testimony was not confirmed or corroborated. The trial judge did not believe it.

Now on appeal four questions are raised and assigned as error.

The first is that the court erred in allowing witness Piquer to testify regarding statements of defendant Isaías Báez affecting defendant Antonia Quintana who was not present. It appears from the record that the attorney for defendant Quintana asked witness Piquer how he knew that Isaías Báez was selling milk belonging to Antonia Quintana and the witness answered that Isaías Báez had told him so, and that Antonia Quintana was the wife of Isaías Báez, and to the question from the same attorney as to whether she was present the witness replied in the negative. Where-

upon the attorney moved to strike out the answer, the court overruled the motion and counsel took exception. It appears that the same witness testified that defendant Antonia Quintana was the one who had the license to sell milk and commissioned her husband Isaías Báez to carry it, as stated by him to the witness. Questioned by the judge, this witness answered that he had informed defendant Antonia Quintana that he had taken a sample of the milk which her husband carried, that he had suspicions about it, and that she admitted that the milk taken from her husband came from her milkstand. This part of the testimony sufficiently clears up the matter.

The refusal of the judge to strike out was correct. The answer referred to was given to a question by counsel for the defense who later moved to strike it out.

Really the point narrows down to the credibility to be given to the testimony of witness Piquer; and this is a matter within the province of the judge which can not be disturbed unless we are shown that there was passion, prejudice or partiality on the part of the judge, and this has not been shown by the appellants.

As regards the second assignment, the only thing involved is the weight to be given to the evidence as to whether Antonia Quintana commissioned the other defendant to carry about and sell the milk. An examination of the evidence convinces us that the judge weighed it correctly.

It is alleged by the appellants that the statements made by the judge when rendering judgment show a special state of mind, and it is contended that every citizen has a right to an impartial trial and without prejudice. We do not believe that those statements showed prejudice, passion or partiality. They were no more than comments which while superfluous are not prohibited. This disposes of the third assignment of error.

The fourth assignment of error, that is, that the judg-

ment is contrary to the evidence and to law, is decided together with the other three. The judgment is in accord with the facts and the law.

The judgment appealed from must be modified so as to find the defendants guilty of transporting for the purpose of offering for sale for human consumption adulterated milk, and affirmed as to the penalties imposed on the defendants.